**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4157

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSUE ALDANA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:21-cr-00196-FDW-DSC-1)

Submitted:  March 13, 2024                          Decided:  May 29, 2024

Before GREGORY and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josue Aldana was convicted after a jury trial of two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D).  The district court sentenced him to 78 months' imprisonment.  On appeal, Aldana argues that trial counsel rendered ineffective assistance in failing:  to object to a Drug Enforcement Administration special agent being qualified as an expert witness and to his testimony regarding intent to distribute; to object to remarks made by Government counsel during rebuttal argument; and to move to dismiss the charges against him.

This court typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).  To establish ineffective assistance by trial counsel, Aldana must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687.  After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record.  Aldana's claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.  We therefore decline to address these claims at this juncture.

2

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*